FREEMAN, J.,
delivered the opinion of the court.
This bill is filed to enjoin a judgment obtained by motion before a justice of the peace against Gallathan, a former constable of Hardin county, and the plaintiffs as his sureties on his official bond. The sureties alone file the bill.
Two leading grounds are made in the bill for relief that require to be noticed. First, that the defendant, Kendall, was not injured by the failure of the constable to return the execution, because Coffman, the defendant in the execution, was insolvent, and *416 nothing could have been made out of him by law. To this we answer that this fact furnished no ground on which to excuse the officer from performance of his duty as required by law.. We are aware of no case that goes to this extent in our State. We have held in several cases that where the failure to return was caused by the interference of the plaintiff, or by his dii'ection, he could not be allowed to charge the officer with a default, produced by his own acts or under such direction: And that to this extent the analogy fuimished by the rule in an action on the case for failure to perform an official duty, applied to qualify the terms of the statute giving the remedy by motion. But we hold it clear that an officer cannot neglect or refuse to perform the duty imposed on him by law to return the process in his hands, and then excuse himself by showing that he could .not have made the money on the execution.
The other ground, and the one on which the Chancellor made his decree in favor of complainants, is equally untenable. It is, that at’the time of issuance of the execution, or at any rate, when the judgment was taken, the defendant in the execution, Coffman, had filed his petition to be declared a bankrupt, and that this operated per se as an injunction, and to render the judgment obtained against Coffman void, and the execution being on a void judgment was also void and the officer not liable for failure to return it. We held at Nashville last winter, that the filing of a petition in bankruptcy did not operate as an injunction per se against suits pending in State courts, but that *417 the parties might be enjoined by the Federal courts ■where such proceedings were pending, but that it must be done by that court actively, and be operative in personam on the parties as in other cases. The case of Stinson v. McMurray, 6 Hum., 339, goes on this principle. Besides, we think it clear that a party may waive his right to interpose his discharge in bankruptcy and let a judgment go if he chooses, and no one can complain if he chooses to do so.
In any aspect of this case we see no ground for the relief sought. There is no proof to sustain the allegation that the failure to return the execution was by direction of the plaintiff, Kendall.
The Chancellor’s decree is reversed, and bill dismissed with costs.